**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| EMANUEL J. BURRELL | : |
|     Plaintiff | : |
| v | :      Civil Action No. CCB-05-3268 |
| COURT FOR WASHINGTON COUNTY | : |
|     Defendant | : |

o0o

**MEMORANDUM**

The above-captioned civil rights action, filed December 5, 2005, alleges that plaintiff's constitutional rights were violated when he was found guilty of prison disciplinary charges. Paper No. 1. Plaintiff explains that he has appealed the guilty finding to the Inmate Grievance Office, the Washington County Circuit Court, and the Maryland Court of Special Appeals. *Id*. His appeal to the Court of Special Appeals is still pending.[1] *Id*.

Assuming without deciding that plaintiff is correct in his assertion that his constitutional rights were abridged when he was found guilty after an administrative hearing, the harm caused may yet be corrected through the state appellate process. In the event that plaintiff is successful in his appeal to the Court of Special Appeals and the disciplinary conviction is overturned, the constitutional rights violation will have been "cured". A number of courts have examined this issue and concluded that "there is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morisssette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991)); *Young v. Hoffman*, 970 F. 2d 1154, 1156 (2nd Cir. 1992) ("administrative reversal constituted part of the due process

---

[1] To the extent that plaintiff is requesting appointment of counsel for purposes of representation in his pending appeal, this court has no jurisdiction to grant that request. *See* 28 U.S.C. § 1915(e)(1).

protection [inmate] received, and it cured any procedural defect that may have occurred"). It is not the province of this court to intervene in matters currently pending before a state forum. The instant case has been filed prematurely. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Accordingly, by separate order which follows, the complaint shall be dismissed without prejudice.

   December 21, 2005                                      /s/
Date                                                  Catherine C. Blake
                                                           United States District Judge